IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY BONAPARTE,
    Plaintiff
    v.
DEBBIE BECK,
    Defendant

Case No. 3:07-cv-294-KRG-KAP

## Report and Recommendation

### Recommendation

Based on the record submitted by the remaining defendant, Debbie Beck, docket no. 85, summary judgment should be entered for defendant.

### Report

Plaintiff filed a lengthy complaint, most of which was dismissed for failure to exhaust administrative remedies. docket no. 52. The Court of Appeals for the Third Circuit vacated the dismissal of Counts I and II and remanded this matter for further proceedings against defendant Beck only. docket no. 80. I invited and then ordered plaintiff to amend his complaint, docket no. 79, docket no. 81, without response. Then, in response to my recommendation that the complaint be dismissed for lack of prosecution, docket no. 82, plaintiff submitted a pleading arguably alleging a causal connection between his allegedly constitutionally protected action and the allegedly constitutionally significant adverse action taken by Beck. docket no. 83.

After Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003), the three elements of a retaliation claim are: (1) that the plaintiff took some action itself protected by the constitution;

(2) that the defendant took adverse action against the plaintiff sufficient to deter a person of ordinary firmness from persisting in his conduct; and (3) that there was a causal connection between the plaintiff's protected conduct and the adverse action. If plaintiff produces evidence sufficient to establish a prima facie case, a defendant may still prove the affirmative defense that she "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir.2001).

To focus the parties on a potentially dispositive issue, in docket no. 84 I ordered the parties to submit any evidence relevant to the question whether Beck's misconduct had ever been overturned, because a retaliation claim cannot succeed where the alleged retaliatory sanction could have been imposed absent any protected conduct for reasons related to a legitimate penological interest.

Defendant complied, docket no. 85, providing evidence that Beck's misconduct had in fact been upheld throughout the grievance process and had never been challenged in court, for example in a petition for a writ of habeas corpus. Plaintiff, on the last day evidence was due, submitted a motion for extension of time and for appointment of counsel. docket no. 86.

The motion for appointment of counsel is denied. Plaintiff uses stock phrases from a forms manual such as "the issue

involved in this case is complex and will require significant research and investigation" and "counsel would better enable Plaintiff to investigate and present evidence," phrases that are not linked to this case at all and that fail to convince. Plaintiff's ability to present his case has not been and is not hampered by a lack of counsel.

The motion for continuance is likewise denied. Plaintiff's sole argument for a continuance is that he has been granted additional time in another lawsuit he has pending. He fails to explain why he could not produce any relevant evidence (or point to the place where it might be found) in the seven weeks assigned, or how additional time will help him to provide relevant evidence.

The Federal Rules of Civil Procedure allow a party to obtain summary judgment upon a showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Summary judgment has long been "regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules... ." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury properly applying the relevant law might return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

3

Under Fed.R.Civ.P. 56(c)(1)(A) and (B), once a party moving for summary judgment cites to the record and identifies evidence (or points out the absence of evidence in the record) which demonstrates that a fact is not genuinely disputed, the responding party must go beyond the pleadings by way of admissible evidence contained in affidavits, depositions, answers to interrogatories, etc., to demonstrate specific facts which give rise to a genuine issue as to the elements essential to its case which it bears the burden of proving at trial. See Celotex Corp., 477 U.S. at 323-24.

Given the uncontested state of the record, Beck's allegedly retaliatory conduct consists in issuing a misconduct that was not overturned despite the availability of review at three levels of the administrative grievance system provided by the Bureau of Prisons, and never overturned in a direct challenge in court. Bonaparte is legally guilty of misconduct. Can Bonaparte nevertheless contend in a collateral attack on the person issuing the misconduct that the misconduct is nevertheless "false?" The Court of Appeals for the Third Circuit says no, not if the disciplinary sanction imposed on a plaintiff is supported by some evidence. Carter v. McGrady, 292 F.3d 152, 159 (3d Cir.2002). In Carter, an inmate alleged that his disciplinary sanction was imposed in retaliation for his work as a jailhouse lawyer, but the appellate court concluded that, even assuming that an inmate had a

4

constitutionally protected interest to assist other prisoners with legal matters, and that prison officials' disciplinary action against Carter was "motivated by hostility to this protected activity," Carter could not prevail in a retaliation claim because of his guilt of the charge underlying the disciplinary sanction. Carter v. McGrady's rationale has been consistently applied in this circuit to require a **showing** that an allegedly retaliatory misconduct was factually unsupported. Romansky v. Stickman, 147 Fed. Appx. 310, 312 (3d Cir.2005); Alexander v. Fritch, 396 Fed.Appx. 867, 873-74 (3d Cir.2010); Fortune v. Hamberger, 379 Fed.Appx. 116, 121 (3d Cir.2010).

Because Beck's misconduct citation has never been invalidated, Bonaparte cannot overcome the affirmative defense that even if Beck had a retaliatory animus the sanction would have been imposed anyway. Summary judgment must be entered for Beck.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 5 March 2011

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Gregory Bonaparte, Reg. No. 22786-018
F.C.I. Coleman Low
P.O. Box 1031
Coleman, FL 33521

5